Ruffín, C. J.
 

 The case might have been made to appear more fully and satisfactorily on the first point, if the periods of the respective seizures had been stated, and the age and capacity of young Hayes to hold possession against his father, and whether the plaintiff advertised a sale under the first seisure or not, and the proportion the debts bore to the value of the things seized. But the defects in those respects are less material, because the case need not be decided on that point, as the plaintiff was clearly entitled to recover upon his title acquired by his second taking, and the possession held by him at the time the defendants took away the property. By the statute, goods are not bound
 
 by
 
 a
 
 fieri facias
 
 issued by a Justice of the peace, but from the levy. Therefore, the defendants could not justify the taking under the executions in Porter’s hands, if at that time the goods were bound by a levy made by the plaintiff at any previous time. Such was the case here ; for, if all that was done under the first levy by the plaintiff be thrown away, still the plaintiff was at liberty to seize the property again, and he did seize it in the evening preceding the night in which the defendants took it. The ease does not profess to set forth the evidence merely, upon this part of the transaction, but the defendants’ exception states the several circumstances affirmatively as facts ; and upon them it is seen, that on that very day the plaintiff in his own person took the actual possession of the horse and mule, and shut them up in a stable for the night, and then he remained on the premises for the purpose of keeping the possession. That we hold to be sufficient to vest and continue the title in him. It would be unreasonable to require an officer to remove property instantly. It answers all the purposes of giving notoriety to the levy, for the officer to take possession of the chattels on the premises, provided he remain there with them, so as to
 
 *77
 
 be in a situation to exercise over the things that dominion, which owners in possession usually exercise. It was not requisite that the plaintiff should carry away the articles that night, nor that he should sleep in the stable with them, nor set a guard there over them. A delay of a day or night in removing things seized by an officer is not unreasonable nor suspicious,' when he remains on the premises with them: and here the articles were placéd where every body keeps such things, and where, probably, the horse, which the plaintiff rode tó Hayes’ that day, was also kept. The horse was not more in the possession of tbs plaintiff than the horse and mule, which he had levied on, as the property of Iiayes ; and the one should be as much protected by the law as the other.
 

 On this point, therefore, without adverting to the other, the judgment should be affirmed.
 

 Pnit Curiam. Judgment affirmed.